42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven Ray ALLEN, Plaintiff-Appellant,
v.
Gary DELAND, individually and as the Executive Director for
the Utah Department of Corrections; Fred Van Der Veur,
individually and as the Warden at the Central Utah
Correctional Facility; Mike Jensen, individually and as the
Deputy Warden for the Central Utah Correctional Facility;
Steven Lund, individually and as Mail Room Property Officer
at the Central Utah Correctional Facility; D. Bailey,
individually and as the Utah Property Officer at the Central
Utah Correctional Facility; Craig Burr, individually and as
a Property Officer at the Central Utah Correctional
Facility; Yvone Carter, individually and as a Property
Officer at the Central Utah Correctional Facility; B.
Pritchard, individually and as a Property Officer at the
Central Utah Correctional Facility; L. Bagnall,
individually and as a Property Officer at the Central Utah
Correctional Facility, Defendants-Appellees.
 No. 94-4067.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Steven Ray Allen appeals the district court's order denying all relief in his action brought pursuant to 42 U.S.C. Sec. 1983, which alleged violations of his constitutional rights to free exercise of religion, equal protection, due process of law, and other rights related to the operation of the prison mail system. He contends that the district court erred in holding that his damage claim is moot and that the prison did not violate his constitutional rights. We affirm.
 
 
 3
 Appellant is an inmate in the Central Utah Correctional Facility in Gunnison, Utah. He filed his civil rights complaint pursuant to 42 U.S.C. Sec. 1983 seeking injunctive and damage remedies for actions of prison officials that denied him access to reading materials that he alleged are essential to the observance of his religion. Specifically, prison officials prevented appellant from receiving mail order catalogs because of a Utah Department of Corrections policy that prohibits the receipt of such catalogs by inmates.
 
 
 4
 The district court found that on September 9, 1993 appellant was granted a variance which allowed him to receive the catalogs. Neither party disputes that appellant received this variance. Thus, the district court was correct in determining that the injunctive portion of this case is now moot. This is not a claim that could not be reviewed in the future if prison officials reversed their position on the variance. We therefore agree with the district court that the injunctive portion of this case is moot.
 
 
 5
 A section 1983 claim for monetary damages, however, cannot be dismissed on mootness grounds. Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1526 (10th Cir.1992). We therefore review the district court's further finding that appellees were entitled to summary judgment because plaintiff failed to allege a violation of his constitutional rights.
 
 
 6
 Prison authorities have broad discretion in regulating the entry of material into a prison. Thornburgh v. Abbott, 490 U.S. 401, 416 (1989). In Turner v. Safley, 482 U.S. 78 (1979), the Supreme Court established a four-part test for evaluating prison regulations that affect an inmate's ability to correspond freely through the mail. This four-part analysis requires us to determine the following: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest justifying the regulation; (2) whether the inmates have alternative means of exercising their rights; (3) the impact that accommodation of the asserted constitutional right would have on guards, other inmates, and the allocation of prison resources generally; and (4) whether there is a ready alternative to the disputed prison activity that does not infringe on prisoners' rights. Id. at 89-90.
 
 
 7
 We agree with the district court that the general prison policy restricting the flow of unauthorized mail into the prison, and in particular mail order catalogs, serves a legitimate state interest. The burdens on prison authorities posed by the wholesale availability of mail order catalogs--both in searching the mail and in processing the thousands of mail order catalogs available to prison inmates--is obvious. Further, the prison has accommodated the right of inmates to receive printed materials by establishing a system of ordering materials through the commissary, through interlibrary loans, and through special permission to receive outside mails, as occurred in this case. Allowing inmates to apply for special variances and to use the commissary provides a ready alternative that serves the state's interest and accommodates the inmates' rights to receive printed material. We therefore find that appellees have not denied appellant his constitutional rights in this case and AFFIRM the order of the district court granting summary judgment. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470