## UNITED STATES COURT OF APPEALS

**Filed 7/9/96**

## TENTH CIRCUIT

---

| | |
|---|---|
| STEVEN RAY ALLEN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )    No. 95-4173 |
| | )    (D.C. No. 92-CV-173) |
| GARY DELAND, individually and as Executive | )    (D. Utah) |
| Director for the Utah Department of Corrections; | ) |
| FREDERICK VAN DER VEUR, individually | ) |
| and as the Warden at the Central Utah Correc- | ) |
| tional Facility; MIKE JENSEN, individually and | ) |
| as the Deputy Warden for the Central Utah | ) |
| Correctional Facility; STEVEN LUND, indi- | ) |
| vidually and as Mail Room Property Officer at | ) |
| the Central Utah Correctional Facility; | ) |
| D. BAILEY, individually and as the Utah Prop- | ) |
| erty Officer at the Central Utah Correctional | ) |
| Facility; CRAIG BURR, individually and as a | ) |
| Property Officer at the Central Utah Correc- | ) |
| tional Facility; YVONE CARTER, individually | ) |
| and as a Property Officer at the Central Utah | ) |
| Correctional Facility; B. PRITCHARD, indi- | ) |
| vidually and as a Property Officer at the Central | ) |
| Utah Correctional Facility; L. BAGNALL, indi- | ) |
| vidually and as a Property Officer at the Central | ) |
| Utah Correctional Facility, | ) |
| | ) |
| Defendants-Appellees. | ) |

---

## ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under

(continued...)

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Steven Ray Allen appeals the district court's denial, as untimely, of his motion for costs and attorney's fees under 42 U.S.C. § 1988.[1] He then asks that we assess attorney's fees based on the appellate record.

In May 1992, plaintiff, an inmate in the Utah state prison system, brought a 42 U.S.C. § 1983 action against state prison officials alleging the prison mail regulations that prevented him from receiving mail order catalogs violated various of his constitutional rights, including the free exercise of religion, due process, and equal protection. Plaintiff requested both injunctive and monetary relief. On January 31, 1994, the district court granted summary judgment for defendants, finding in part that plaintiff's claim was moot

---

[*](...continued)
the terms and conditions of 10th Cir. R. 36.3.

[1] Plaintiff also appeals the denial of his motion to compel discovery to help support his attorney's fees application. We find it unnecessary to reach this issue.

because "[o]n September 9, 1993, plaintiff was granted a variance allowing him to receive the catalogs he seeks." Appellees' Supp. App. doc. 23 at 4. The court also found plaintiff's constitutional rights had not been violated by the prison mail policy under the four-part test of Turner v. Safley, 482 U.S. 78, 89-91 (1987).

On plaintiff's direct appeal of that decision we agreed with the district court's mootness finding as to injunctive relief, but pointed out that a claim for monetary damages under § 1983 could not be dismissed for mootness. We nonetheless affirmed, agreeing with the district court's alternative finding that plaintiff failed to show a violation of his constitutional rights. See Allen v. Deland, 42 F.3d 1406 (10th Cir. 1994) (Table), 1994 WL 593917.

On November 14, 1994, plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988, which provides in part: "In any action or proceeding [under § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Id. § 1988(b). The district court denied the motion "based upon the fact that plaintiff failed to file a request for attorneys' fees within fourteen days of entry of final judgment as required by Rule 54(d)(2), Federal Rules of Civil Procedure." Appellant's App. 13.

Plaintiff attempts to rely on the advisory committee's note to Fed. R. Civ. P. 54, which states that although "a notice of appeal does not extend the time for filing a fee claim based on the initial judgment, [] the court under subdivision (d)(2)(B) may effec-

3

tively extend the period by permitting claims to be filed after resolution of the appeal."

The only way plaintiff's attorney's fee claim can be regarded as timely is to construe the

Utah district's local rule 211, which provides a twenty-day period for filing bills of costs,

as somehow acting as an order of the court to extend the filing period for twenty days

after the plaintiff's appeal was decided.  See Fed. R. Civ. P. 54(d)(2)(B) (fourteen-day

filing period applies "[u]nless otherwise provided by statute or order of the court").  We

are satisfied that the local rule, limited to bills of costs, had no such effect, and that the

court properly denied plaintiff's motion.

Even if the motion were considered timely, we would have to affirm the district

court for another reason.  To qualify for an attorney's fee award under § 1988, plaintiff

must be a "prevailing party."  Where, as here, a party did not receive "at least some relief

on the merits of [the] claim" by judicial determination, Texas State Teachers Ass'n v.

Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989), he must meet the two-part catalyst

test.  "Under this test a plaintiff must have been a 'significant catalyst' causing a defen-

dant to change position, and the defendant's change in position must have been required

under the law."  City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1048(10th

Cir. 1994) (quoting Supre v. Ricketts, 792 F.2d 958, 962 (10th Cir. 1986) (other citations

omitted)), cert. denied, 115 S. Ct. 1254 (1995).

Plaintiff cannot show that he was a significant catalyst to cause the defendants to

change position because he concedes that "the right to a warden's variance of the policy

4

apparently was in existence during the time immediately preceding the filing of the suit."

Brief of Appellant at 12. Plaintiff's "cause and effect"argument that he received a

variance because of the lawsuit is not borne out by the record. Defendants did not change

their positions because of the lawsuit. Rather, plaintiff discovered, as a consequence of

his lawsuit, that the proper avenue to pursue a remedy already existed. Thus, even had

the district court considered plaintiff's's motion for attorney's fees as timely, under the

law he could not have granted it.

**AFFIRMED.**

Entered for the Court

James K. Logan
Circuit Judge